**UNITED STATES of America, Plaintiff,**

v.

**Smith Daniel BARNES, Defendant.**

**No. CR–2–77–6.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 13, 1977.

---

John L. Bowers, Jr., U. S. Atty., Edward E. Wilson, and Gordon Ball, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

Phillip J. Lawson, and Joe A. Tilson, Taylor, Tilson, Inman, Reams & Lawson, Morristown, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

Counsel for the prosecution and the defendant herein submitted to the Court an order for the pretrial examination of the defendant under the provisions of 18 U.S.C. § 4244, which, with modifications, the Court approved. The Court deleted therefrom the following additional agreed language:

\* \* \* \* \* \*

IT IS FURTHER ORDERED that this defendant *at the request of Court appointed counsel,* Phillip J. Lawson, be examined to determine if he was criminally responsible at the time of the commission of the alleged offense. [Emphasis supplied.]

\* \* \* \* \* \*

■ 18 U.S.C. § 4244 " \* \* \* does not authorize an order compelling a defendant to submit to a psychiatric examination to determine his sanity at the time of the offense and \* \* \* the source of power to order such an examination is the inherent power of the [C]ourt. \* \* \* " *United States v. Malcolm,* C.A. 9th (1973), 475 F.2d 420, 424[1], citing *e. g., United States v. Driscoll,* C.A. 2d (1968), 399 F.2d 135, 137–138, 139; *United States v. Albright,* C.A. 4th (1968), 388 F.2d 719, 722; *Featherston v. Mitchell,* C.A. 5th (1969), 418 F.2d 582, 584; *United States v. Bohle,* C.A. 7th (1971), 445 F.2d 54; *United States v. Maret,* C.A. 8th (1970), 433 F.2d 1064, 1067. As was stated:

\* \* \* Once the accused makes known that he will assert a defense of insanity, the [C]ourt may order him examined on that issue. *When the accused moves for,* and the [C]ourt determines to grant, a § 4244 examination, the [C]ourt validly can provide in its order that the same examination inquiry be made into competency at the time of the offense. This allows economy of judicial and medical efforts, of prosecution and defense efforts, and of the accused's time. \* \* [I]n the end, all concerned—[C]ourt, counsel, and parties—have an interest in determining if the accused was incompetent at the time of the offense, if that is to be an issue \* \* \*. [Italics supplied; footnote references omitted.]

*United States v. Moudy,* C.A. 5th (1972), 462 F.2d 694, 697[3]. And, as was pointed out also:

\* \* \* Unlike an examination to ascertain competence to stand trial, the purpose of an interview to probe sanity at the time of the offense is to obtain information from the accused bearing directly on his guilt. *If the defendant has* knowingly and voluntarily *requested such an examination,* the Fifth Amendment presents no problem. (*Cf. McCarthy v. United States* (1969), 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418.) [Emphasis supplied.] \* \* \*

*United States v. Malcolm, supra,* 475 F.2d at 425. Thus, the inherent power of this Court to order such a dual examination is limited by the guarantee of the Constitution, Fifth Amendment, that a defendant will not be compelled to give testimony against himself.

■ As the defendant, himself or through his counsel, has not given timely written notice of his intention to rely on the defense of insanity at the time of the alleged crime, Rule 12.2(a), Federal Rules of Criminal Procedure, and has made no independent motion for an examination under the provisions of 18 U.S.C. § 4244, and as he has not requested personally an examination into his sanity at the time of the alleged commission of the crime charged, the

**14**

dual examination requested in the agreed order submitted to the Court was STRICK-EN.

This is without prejudice to the defendant's knowingly and voluntarily requesting such an examination.